# UNITED STATES CIRCUIT COURT.

### In the Matter of Ward E. Robinson, bankrupt.

Where the *judgment* of a creditor against a *bankrupt*, is founded upon a debt created by the *fraud* of the bankrupt, under the 33d section of the bankrupt act, the *discharge*, if obtained by the bankrupt *will not affect it.*

And the 33d section must be regarded as taking a debt of this character out of the first clause of the 21st section of the bankrupt act, and hence that such a judgment is not "discharged or surrendered," nor is the bankrupt entitled to be released from arrest or bail thereon, *although such judgment has been proved in the bankrupt proceedings.*

When the proceedings and judgment of the State court, according to the practice and course of proceeding in that court, carry on the face of them that the suit was one to recover a debt created by the fraud of the debtor, this court will not go behind such record to call in question its verity in the bankrupt court.

*Before* Nelson, *Justice.*

The petition in this case seeks a review of the decision of the court below, refusing to discharge the bankrupt from arrest and bail, and also refusing to direct satisfaction of a judgment obtained in the court of common pleas of this city against him by Ann Walter for some $154.60. This judgment was recovered 25th May, 1868. The petition in bankruptcy was presented on the 30th May, the same month. The application for the discharge from the arrest and for satisfaction of the judgment is founded upon section 21 of the bankrupt act, which provides "that no creditor, proving his debt or claim, shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt; and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby."

Ann Walter has proved her debt or judgment in the present bankrupt proceeding, and upon the words of this section, there would seem to be an end of the case. The remainder of the section provides that "no creditor whose

debt is provable under this act, shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge."

It will thus be seen that a manifest distinction is made between a creditor having proved his debt and one holding a provable debt. The reason for it is not as manifest. The judgment of Ann Walter is claimed to be founded upon a debt created by the fraud of the bankrupt; and if this be so, then, according to the 33rd section of the act, the discharge, if obtained by the bankrupt, will not affect it. Such a debt is expressly excepted from its operation; and the same section provides that notwithstanding this he may come in and prove his debt and take his dividend Now, Ann Walter, having proved her judgment as thus authorized, would find that judgment, taking this 21st section, literally "discharged and surrendered," notwithstanding the 33rd section provides expressly that, if created by fraud, the discharge under the act would not effect it. We think no such intent or meaning can be reasonably imputed to the law makers, and, therefore, the 33rd section must be regarded at least as taking a debt of this character out of the first clause of the 21st section; and hence that the judgment in question is not "discharged or surrendered," nor is the bankrupt entitled to be released from the arrest, or his bail from the bail bond, if the debt was one created by fraud. The court below held that the proceedings and judgment in the common pleas, the record of which was produced before it according to the practice and course of proceeding in that court, under the New York law, carried on the face of them that the suit was one to recover a debt created by the fraud of the debtor; and, that it would not go behind that record

to call in question its verity in the bankrupt court, We concur in this view.

It was argued on behalf of the petitioner that it should appear from the record itself—that is, from the declaration in the case—that the suit in the common pleas proceeded in that court on the ground of fraud. But the question is one of practice rather than of principle. The mode of proceeding in the common pleas in a case where the debt is claimed to have been created by the fraud and deceit of the debtor may be peculiar and differ from the practice in the courts of other states; but it is understood to be warranted by the New York law, and, if so, we do not see but that it is entitled to as much verity as if the proceedings were more formal and specific. The last clause of the 26th section was referred to on the argument, but we do not see that it has any application to the case.

The other question raised and urged—namely, as to the force and effect of the order to show cause before the register why the discharge should not be granted—is so much a question of practice that we are not inclined to interfere with the judgment of the court below in the matter. The complaint is that the register postponed the day for the creditors to come in and show cause. Any act by the register in this matter can be corrected by the court below, which has power to supervise this proceeding. Petition denied with costs.